William J. Maledon, Atty. No. 003670
Dawn L. Dauphine, Atty. No. 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000
Facsimile: (602) 640-9050
wmaledon@omlaw.com
ddauphine@omlaw.com

Attorneys for Plaintiff/Counterdefendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AAA Arizona, Inc., an Arizona corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>vs.<br><br>American Commerce Insurance Company, an Ohio company,<br><br>    Defendant/Counterclaimant.<br><br>American Commerce Insurance Company, an Ohio corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>D. James McDowell, an Arizona resident, and Joanne Tenney McDowell, husband and wife,<br><br>    Third-Party Defendants. | No. CIV 05-1426-PHX-SMM<br><br>**AAA ARIZONA'S MOTION IN LIMINE #4: TO EXCLUDE EXPERT TESTIMONY BY ROBERT MROZ**<br><br>(Oral Argument Requested) |

    AAA Arizona, Inc. ("AAA Arizona") hereby moves the Court *in limine* for an order precluding Defendant American Commerce Insurance Company ("American Commerce") from proffering at trial any expert testimony of Robert Mroz. American Commerce had disclosed Mr. Mroz as an expert witness to offer opinions about the amount of damages that American Commerce sought pursuant to its counter-claims

1862845

and third-party claims, which the Court has dismissed. The only disclosure of any opinion regarding AAA Arizona's damages or any response to AAA Arizona's damages expert, Mr. Stephen Clarke, is a single sentence on the first page of the expert report stating: "Counsel for ACIC may also request that we review and comment on any damage calculations presented by AAA Arizona or the Third-Party Defendants." (Mroz Report and Supplemental Report attached as **Exhibit 1** filed under seal pursuant to ACIC's confidentiality designation.) Moreover, in his deposition, Mr. Mroz testified as follows:

> Q. Did you read any portion of the deposition of Mr. Stephen Clarke before coming here for your deposition today?
>
> A. I was not provided one. So the answer is no.

(Deposition of Robert Mroz, at page 34, attached as **Exhibit 1**.)

American Commerce cannot legitimately contend that this constitutes sufficient disclosure that Mr. Mroz would be offered to rebut Mr. Clarke's damages testimony. Fed.R.Civ.P. 26(a)(2) makes clear that an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore…." Indeed, American Commerce has moved in limine to exclude any opinions of Mr. Hair that we not specifically disclosed, but only generally disclosed as additional evidence about custom and practice in the industry (Defendant's Motion in Limine # 3), and AAA Arizona has agreed that Mr. Hair will not offer any opinions not specifically disclosed (AAA Arizona's Response to Defendant's Motion in Limine # 3). The Court should exclude any and all testimony from Mr. Mroz due to failure to disclose such testimony in accordance with Rule 26(a)(2).

DATED this 19th day of December, 2007.

OSBORN MALEDON, P.A.

By  s/Dawn L. Dauphine
    William J. Maledon
    Dawn L. Dauphine
    2929 North Central
    Suite 2100
    Phoenix, Arizona  85012-2794
    Attorneys for Plaintiff/Counterdefendant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Kelly Joyce Flood | kflood@stklaw.com |
| Edward Robert Glady, Jr | eglady@stklaw.com |
| Marty Harper | mharper@stklaw.com |
| Christopher Anthony Coury | ccoury@rcalaw.com |
| Sean T. Hood | shood@rcalaw.com |
| Andrew M. Kvesic | akvesic@rcalaw.com |
| Robert H McKirgan | rmckirgan@lrlaw.com,dgarrett@lrlaw.com |

Upon receipt of the Notice of Electronic Filing, a copy of the attached document and Notice of Electronic Filing will be hand delivered to the Honorable Stephen M. McNamee.

    s/Deborah B. Dunn

1

**Filed Under Seal Pursuant To**

**Confidentiality Order (dated December 13, 2005)**